# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DULEY LYONS,<br><br>    Plaintiff,<br><br>v.<br><br>CINDY BETTS,<br><br>    Defendant. | No. 3:22-CV-00173-SHR<br><br>**Order Re: Pretrial Motions** |

The parties have filed motions in limine (Docs. 41, 43, 57, 65), and Defendant has filed a related Motion to Amend Witness List (Doc. 62). The Court ruled on one of these motions at the final pretrial conference. (Doc. 71; *see also* Doc. 65.) For the following reasons, the Court will deny Defendant's motion to preclude recordings (Doc. 41), grant Plaintiff's motion to exclude witnesses (Doc. 43) in part as to Rachel Thompson and Andy Klamser but will otherwise deny the motion, will grant Plaintiff's motion regarding criminal conviction evidence on Rule 609 grounds but reserve ruling on Rule 404(b) grounds (Doc. 57), and will deny in part and grant in part Defendant's Motion to Amend Witness List (Doc. 62).

### I. Background

The Plaintiff, Duley Lyons, was an inmate at Palmer Correctional Center (PCC) in Palmer, Alaska, who was released in 2008. (Doc. 1 ¶ 2.) The Defendant, Cindy Betts, was the Superintendent and Head Warden of Palmer Correctional Center (PCC) during the time Plaintiff was housed there and for some time after

Plaintiff's release. (*Id.* ¶ 3.) Under 18 U.S.C. § 1983, Plaintiff alleges during his time at PCC Defendant sexually assaulted him and then, when he was released from PCC, Defendant enslaved him in violation of the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. (*Id.* ¶¶ 16–31.) Under Alaska law, Plaintiff also alleges Defendant falsely imprisoned him, inflicted emotional distress upon him, and was negligent by engaging in sexual acts while he was a prisoner. (Id. ¶¶ 32–44.) The Defendant denies these claims. (*See generally* Doc. 7.) The parties filed no dispositive motions, and trial is set to begin on October 21, 2024.

    a. <u>Scheduling Orders and Witness Lists Deadlines</u>

According to the first scheduling order in this case, the preliminary witness list deadline was set for February 8, 2023, and the final discovery witness list deadline was set for May 5, 2023. (Doc. 11 at 3.) Both parties timely filed preliminary witness lists. (Docs. 13, 14.) Then, Defendant filed a motion to modify scheduling order (Doc. 15) which Plaintiff did not oppose. Therefore, the Court granted this motion and set a new witness list deadline of October 31, 2023, for the disclosure of final witness lists. (Doc. 16 at 3.) This Order stated: "Unless otherwise ordered for good cause shown, only those lay witnesses disclosed in this final discovery witness list, and the expert witnesses that were timely identified, will be permitted to testify at trial." (*Id.* at 4.) By October 31, 2023, Plaintiff had filed a final discovery witness list (Doc. 19), but Defendant had not.

On August 13, 2024, a new scheduling order issued which set forth a different test for which witnesses will be allowed to testify at trial. This order stated, in relevant part: "On or before October 1, 2024, each party will file and serve a trial witness list which shall include *only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list.*" (Doc. 31 at 2 (emphasis added).)

. . . .

b. Motions Regarding Witnesses and Disclosure of Witness Lists

On September 8, 2024, Plaintiff filed a motion in limine seeking "to exclude Defendant's witnesses as Defendant, in clear violation of the law, failed to file a final witness list pursuant to the Local Civil Rules of Federal Procedure and the scheduling order in this case." (Doc. 43 at 2.) Defendant never responded to this motion, instead filing various witness lists and a motion to amend her witness list. (*See* Docs. 44, 54, 62.)

c. Defendant's Motion to Exclude Recordings Under Oregon Law (Doc. 41)

On September 6, 2024, Defendant filed a motion in limine seeking "to exclude evidence of audio recordings obtained unlawfully." (Doc. 41.) In the Motion, Defendant argues these recordings were recorded in Oregon and obtained in violation of Oregon law which requires both parties to consent to a recording. Plaintiff opposed Defendant's motion. (Doc. 43.) In his Opposition, Plaintiff contends "Alaska Law applies to this case, and Alaska law is a one-party recording state that allows only one party to record the conversation." (*Id.* at 3.) Additionally, Plaintiff notes "[a]lthough Oregon is also a one-party state, it appears to limit one-party recordings to phone conversations and other limited exceptions." (Id.

On September 9, 2024, the Court held a remote status conference. (Doc. 45.) During the conference, the Court raised an issue related to this Motion and noted the briefing was incomplete. After the conference, the Court ordered supplemental briefing to address this issue. (Doc. 49.)

d. Plaintiff's Motion to Exclude Evidence of Plaintiff's Criminal Record and Settlement Offers (Doc. 57)

On October 3, 2024, Plaintiff filed a second motion in limine. (Doc. 57.)[1] In this Motion, Plaintiff requests the Court exclude evidence of Plaintiff's criminal

---

[1] This motion was filed after the deadline for motions in limine. (*See* Doc. 31 at 2.) Plaintiff failed to explain the late timing or request leave to file an untimely motion. Nevertheless, the Court will address the merits because Defendant did not raise the timeliness issue and responded on the merits. (*See* Doc. 59.)

record or testimony regarding Plaintiff's criminal convictions. Plaintiff contends this evidence violates Rules 609 and 404 of the Federal Rules of Evidence, is irrelevant, is intended for the sole purpose of unduly prejudicing the Plaintiff, and will confuse the jury. (*Id.* at 2.)

**II.  Standard**

A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). This Court has "inherent authority to manage the course of trials," which includes ruling on motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Moreover, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Nevertheless, the Court's rulings on motions in limine are inherently preliminary and "are not binding" because the Court "may always change [its] mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

**III.  Analysis**

  a. <u>Motion Regarding Audio Recordings (Doc. 41)</u>

Defendant argues this Court should apply Oregon law to exclude two audio recordings of conversations between Plaintiff and Defendant recorded in Oregon. (Doc. 41 at 1.) Defendant does not assert any of the Federal Rules of Evidence (FRE), Ninth Circuit caselaw, or United State Supreme Court jurisprudence prohibits the introduction of this evidence. Rather, Defendant contends Plaintiff recorded these conversations without Defendant's consent, (*Id.*), and, accordingly, violated O.R.S. § 165.540, which prohibits, in relevant part, "obtain[ing] . . . any part of a conversation by means of any device . . . if not all participants in the conversation are specifically informed their conversation is being obtained." *See also State v. Evensen*, 447 P.3d 23, 27–28 (Or. Ct. App. 2019) ("The prohibition against surreptitiously 'obtaining' a conversation includes surreptitiously recording

- 4 -

Case 3:22-cv-00173-SHR   Document 72   Filed 10/16/24   Page 4 of 12

it."). Without citing authority, Defendant appears to argue "[b]ecause Oregon law is more restrictive than federal law" and Defendant "would legitimately be entitled to rely upon the protection granted by the Oregon courts since the conversation oc[c]urred in Oregon," this Court should preclude the evidence. Plaintiff contends "Alaska law applies to this case, and Alaska is a one-party recording state that allows only one party to record the conversation." (Doc. 43 at 3.) Defendant's supplemental briefing failed to address the issues to any helpful extent.

A district court applies federal law to claims invoking federal question jurisdiction, and substantive state law and federal procedural law to claims invoking diversity or supplemental jurisdiction. *See Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 557 (9th Cir. 2020). For claims involving state law, whether brought under diversity or supplemental jurisdiction, federal courts generally apply the substantive law of the forum state, which includes the forum state's choice of law rules. *See, e.g., Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 832 (9th Cir. 2022). Moreover, the FRE generally apply to all evidentiary issues, regardless of whether a claim is brought under state or federal law, because evidentiary rules are generally considered procedural under *Erie*. *See Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995).

However, there are narrow exceptions which would render a state evidentiary rule substantive if it is "'intimately bound up' with rights and obligations being asserted." *Id.* (citation omitted). Applying these principles in *Wray*, the Ninth Circuit held Nevada law applied to determine the admissibility of a screening panel's findings because Nevada required parties to bring their medical malpractice disputes before the screening panel as a condition precedent to filing suit. *Id.* at 1418. The Ninth Circuit concluded allowing a party to use the screening panel's findings under the FRE but in violation of Nevada evidentiary law would disturb Nevada's integrated medical malpractice dispute system and encourage forum shopping. *Id.*

- 5 -
Case 3:22-cv-00173-SHR   Document 72   Filed 10/16/24   Page 5 of 12

Defendant has not demonstrated O.R.S. § 165.540 is so "intimately bound up" with the rights and obligations asserted by Plaintiff such that § 165.540 must supplant the FRE. Plaintiff asserts claims under federal and Alaska law, not Oregon law. Thus, unlike in *Wray*, there are no Oregon rights or obligations asserted by either party grounded in Oregon substantive law. Accordingly, the Court sees no concerns in admitting the evidence even though it may have been obtained in violation of Oregon law. And this Court's ruling does not interfere with any Oregon obligations because Oregon law enforcement officials could still charge Plaintiff for the crime of recording these specific conversations.

Moreover, even assuming the Court could construe the Oregon statute as substantive, Defendant utterly failed to provide a choice of law analysis under Alaska law explaining why, under Alaska's choice of law rules, Oregon law, rather than Alaska law, should apply. *See Cooper*, 960 F.3d at 557. A district court exercising supplemental jurisdiction over state law claims must generally apply the forum's law, i.e. Alaska law here, unless Alaska's choice of law rules dictate Oregon law should apply. Therefore, the Court will deny Defendant's Motion.

b. Motion Regarding Criminal Record (Doc. 57)

Plaintiff argues this Court should prevent Defendant from introducing Plaintiff's entire criminal record and testimony regarding Plaintiff's criminal convictions under Rules 609 and 404 of the Federal Rules of Evidence. (Doc. 57 at 1–2.) In response, under Rule 609, Defendant argues the probative value substantially outweighs any prejudicial effect because Plaintiff's criminal record rebuts his allegations against Defendant. (Doc. 59 at 2–3.) Defendant did not respond to Plaintiff's argument under Rule 404. (*See id.*)

Generally, a party can attack a witness's character for truthfulness by evidence of a criminal conviction subject to certain limitations. Fed. R. Evid. 609(a). "[F]or a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must [generally] be

- 6 -
Case 3:22-cv-00173-SHR   Document 72   Filed 10/16/24   Page 6 of 12

admitted, subject to Rule 403, in a civil case . . . ." Rule 609(a)(1)(A). However, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] . . . [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it . . . ." Rule 609(b). Moreover, evidence of a juvenile adjudication is not admissible under this Rule in a civil case. *See* Rule 609(d).[2]

Courts in the Ninth Circuit consider five factors in balancing the probative evidence of a defendant's prior conviction against its prejudicial effect: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the [party's alleged actions in the instant case]; (4) the importance of [the party's] testimony; and (5) the centrality of [the party's] credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000).

Additionally, Rule 404(b) prohibits introducing evidence of a crime to prove the person's character if the purpose is to show the person acted in conformity with the character on a particular occasion. However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Rule 404(b) is a "rule of inclusion," meaning "[e]vidence of other crimes or acts is admissible under Rule 404(b), except where it tends to prove *only* criminal disposition." *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991) (internal quotation marks omitted) (quoting *United States v. Sangrey*, 586 F.2d 1312, 1314

---

[2] Although the parties allude to juvenile adjudications in Plaintiff's criminal history, the parties never specifically describe the evidence sought to be excluded or offered in their briefing. In case the Defendant intends to attempt introducing juvenile adjudications, the Court reminds Defendant this type of evidence is never admissible in a civil case. To the extent Plaintiff's motion seeks to exclude these juvenile adjudications, if any, the motion is granted.

(9th Cir.1978)). "[I]f evidence of prior crimes bears on other relevant issues," the Court will not exclude it under 404(b). *United States v. Cruz-Garcia*, 344 F.3d 951, 954 (9th Cir. 2003). To guide this inquiry, the Court evaluates whether (1) sufficient evidence exists for the jury to find the person committed the other acts; (2) the other acts are introduced to prove a material issue in the case; (3) the other acts are too remote in time; and (4) if admitted to prove intent, the other charged acts are similar to acts at issue. *See United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993). Additionally, because Rule 403 is baked into the Rule 404(b) inquiry, the Court must also determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See United States v. Mayans*, 17 F.3d 1181, 1183 (9th Cir. 1994); *United States v. Lozano*, 623 F.3d 1055, 1060 (9th Cir. 2010).

Here, the Court finds Plaintiff's criminal conviction inadmissible for impeachment under Rule 609 but will reserve ruling on using this evidence for one of the proper purposes under Rule 404(b).

Regarding the Rule 609 analysis, based upon the Court's review of the record, it appears the convictions Defendant intends to introduce are more than 10 years old. Therefore, these are subject to the Rule 609(b) analysis—whether the convictions are substantially more probative than prejudicial. The Defense stated the Plaintiff's criminal history is substantially more probative than prejudicial because 1) Plaintiff relies on this evidence in the complaint, 2) the allegations are based in part on actions occurring while Plaintiff was incarcerated, 3) Plaintiff's expert relied on Plaintiff's criminal history, and 4) Plaintiff's criminal history rebuts his allegations. Defendant is mistaken. There is a distinction between Plaintiff introducing sanitized evidence of his own criminal history to some extent in support of his claims and Defendant introducing details of Plaintiff's past crimes. Defendant has not explained exactly why Plaintiff's criminal history would be

probative of any fact at issue.[3]  Therefore, the Court finds the probative value of the criminal history for impeachment purposes does not substantially outweigh its prejudicial effect and will grant the motion on this basis.

Regarding the portion of Plaintiff's motion under Rule 404(b), the Court does not have enough information at this time about how the evidence will be used to make an informed ruling. The Court cannot say for certain Defendant will use this evidence to prove *only* criminal disposition. *See Ayers*, 924 F.2d at 1473. While the Court could envision a proper use of this evidence in theory, Defendant does not include a 404(b) analysis in her response or explain the proper purpose for introducing the evidence. Furthermore, the parties do not include enough details about Defendant's criminal history to allow the Court to evaluate whether its probative value would be substantially outweighed by the danger of unfair prejudice. *See Lozano*, 623 F.3d at 1060. Therefore, the Court will reserve ruling on whether there is a proper use of this evidence under Rule 404(b) and 403 until the time of trial.[4]

c. <u>Motions Regarding Witnesses (Docs. 43, 62)</u>

Two motions have been filed regarding the witness list issue. (*See* Docs. 43, 62). First, Plaintiff filed a motion requesting Defendant be precluded from calling any witnesses due to her failure to file a final witness list pursuant to the Local Civil Rules[5] and prior scheduling orders in this case, and separately requests preclusion of witnesses never initially disclosed under the Federal Rules of Civil

---

[3] Defendant requests the Court "allow Ms. Betts to use the entirety of Mr. Lyons' criminal records to support her defense." (Doc. 59 at 3.) This does not explain which convictions Defendant plans to use or how Defendant plans to use them.

[4] Plaintiff throws in an aside requesting no evidence be admitted in violation of Rule 408. (Doc. 57 at 4.) This seems to be no more than a request for the Court to follow the FRE during the trial, which it intends to do regardless. Without any context or analysis provided, the Court cannot properly analyze this request.

[5] The Court will not address District of Alaska Local Civil Rule 16.1(c) because there are scheduling orders supplanting its general requirements and the local rule states it operates "[u]nless otherwise ordered."

Procedure.[6] (Doc. 43 at 2.) As to those witnesses never disclosed during discovery, Plaintiff states he would be "unfairly prejudiced" if the Court allowed these new witnesses to testify when they were only disclosed at this late stage. (*Id.* at 3.) Defendant did not respond to this motion. Instead, Defendant filed two subsequent witness lists and a motion to amend/correct her witness list (Doc. 62).

Federal Rule of Civil Procedure 26 establishes the required initial disclosures for litigating parties. As relevant here, Rule 26(a)(3)(A) requires the disclosure of witnesses "the party expects to present and those it may call if the need arises." If a party fails to disclose witnesses as required by Rule 26 or the Court's orders, Rule 37 provides "the party is not allowed to use" those undisclosed witnesses to supply evidence at trial, "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The party requesting Rule 37 sanctions has the burden of proving the opposing party violated Rule 26. After the moving party has met its burden, then "[t]he party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Four factors guide this determination: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (quoting Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 242 (D. Nev. 2017)).

The purpose of Rules 26 and 37 is to make trial "less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 674 (9th Cir. 1981) (quoting *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963)). The

---

[6] Plaintiff does not specify which of the Federal Rules of Civil Procedure warrants preclusion. Accordingly, the Court will construe this portion of Plaintiff's motion as a request for exclusion sanctions under Rule 37.

Ninth Circuit affords district courts "particularly wide latitude" in applying Rule 37(c)(1) to exclude "information" a party failed to provide under Rule 26. *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019); *see also Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) ("[T]he rule is automatic in the sense that a district court may properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless.").

To the extent Plaintiff seeks preclusion of all of Defendant's witnesses because of Defendant's failure to file a final witness list, the Court will deny Plaintiff's motion. Here, three separate scheduling orders are operating, and the latest one has materially different language. The first scheduling order (Doc. 11) set a final discovery witness list deadline of May 5, 2023, and stated "[u]nless otherwise ordered for good cause shown, only those lay witnesses disclosed in this final discovery witness list, and the expert witnesses that were timely identified, will be permitted to testify at trial." (*Id.* at 3–4.) The second scheduling order contained the same language and reset the final witness list deadline to October 31, 2023 (Doc. 16 at 3–4.) The third, and most recent, scheduling order stated "[o]n or before October 1, 2024, each party will file and serve a trial witness list which shall include *only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list*." (Doc. 31 at 2 (emphasis added).)

While Defendant failed to abide by the second scheduling order and failed to file any final witness list in October 2023, according to the most recent order, Defendant can call any witnesses he has listed so long as they were also previously disclosed as potential witnesses in a timely filed prior witness list, including Defendant's initial witness list filed February 8, 2023. It appears Defendant listed Selina Manson, Adam Manson, Solitaire Betts, Jamie Monaghan, Cindy Betts, and Duley Lyons in its initial list and intends to call those witnesses. (*See* Doc. 14.) Therefore, Defendant can call these six witnesses.

Next, to the extent Plaintiff's motion calls for Rule 37 sanctions and the exclusion of witnesses never disclosed during discovery, the Court will grant Plaintiff's motion. Witnesses Rachel Thompson and Andy Klamser were not listed in Defendant's initial Rule 26 witness disclosure. Therefore, Plaintiff has met his burden of proving Defendant violated Rule 26 as to these two witnesses. Upon this showing, the burden then shifted to Defendant to prove her failure to disclose the required information was substantially justified or harmless. *See R & R Sails*, 673 F.3d at 1246. Defendant makes no attempt to meet her burden and, especially in the absence of any attempt, the Court finds unfair prejudice and surprise to Plaintiff. These witnesses were disclosed for the first time just over a month before the trial was set to begin, leaving Plaintiff with virtually no time to cure the prejudice inherent in such a late disclosure. Therefore, the Court will exclude these two witnesses under Rule 37.

## IV. Conclusion

**IT IS ORDERED** Defendant's motion to preclude recordings (Doc. 41) is **DENIED**, Plaintiff's motion to exclude witnesses (Doc. 43) is **GRANTED in part** as to Rachel Thompson and Andy Klamser but otherwise **DENIED**, Plaintiff's motion regarding criminal conviction evidence and settlement offers (Doc. 57) is **DENIED in part** under Rule 404(b) and Rule 408 with leave to object at trial and **GRANTED in part** on Rule 609 grounds, and Defendant's Motion to Amend Witness List (Doc. 62) is **DENIED in part** to the extent it seeks to add Rachel Thompson and Andy Klamser but otherwise **GRANTED**.

Dated this 16th day of October, 2024.

Honorable Scott H. Rash
United States District Judge